**Tagged Opinion**

ORDERED in the Southern District of Florida on July 1, 2009



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**DON THOMAS KOZICH**

    Debtor.
_____/

**DON T. KOZICH,**

    Plaintiff,
vs.

**MICHELLE A. CAVALLARO,** et al.,

    Defendants.
_____/

Case No.: 09-10171-JKO

Chapter 7

Adv. Proc. No.: 09-01315-JKO

**ORDER GRANTING IN-PART AND DENYING IN-PART MOTION TO
DISMISS AND IMPOSING SANCTIONS PURSUANT TO 11 U.S.C. § 105(a)**

**THIS MATTER** came before the court on July 1, 2009, upon Michelle A. Cavallaro, Stanley Kimmel, Jennie Weiss Kimmel, Kimmel Construction Corp., Tilt Wall, Inc., and Tilt Systems, Inc.'s

(collectively the "Defendants") Motion to Dismiss Adversary Complaint and Impose Rule 9011 Sanctions (the "Motion") [DE 9]. In light of Don T. Kozich's ("Debtor" or "Mr. Kozich") lack of standing to raise the claim, as well his unreasonable actions under the circumstances, the Motion is granted in-part.

### 1. Relevant facts

In 2001, Mr. Kozich filed a *pro se* cause of action against the Defendants in the Florida Circuit Court for the 17th Judicial Circuit. *See Kozich v. Kimmell,* No. 01-2448 (14) (Fla. Cir. Ct.). That case was dismissed on the grounds that Mr. Kozich filed the case in violation of standing orders finding him to be a vexatious litigant and prohibiting him from filing *pro se* causes of action in the 17th Judicial Circuit. *See* Motion at 2; *see also, Kozich v. Keller*, No. 98-05269 (21), slip op. (Fla. Cir. Ct. Aug. 3, 1998) (finding that Mr. Kozich had "maliciously filed" the complaint in order to "abuse the judicial process" and enjoining him from representing himself "*in propria persona* as a litigant"; *Kozich v. Keller,*, 33 Fla. L. Weekly D 2557 (Fla. Dist. Ct. App. 2008) (the Fourth District preserved the injunction preventing Mr. Kozich from filing *pro se* cases, and stated "[t]he Court – and Mr. Kozich as well, if he could only be induced to realize it – should not spend further time on these meritless claims"). Mr. Kozich appealed the dismissal to the Florida District Court of Appeal for the Fourth District. *See Kozich v. Kimmel,* No. 4D08-1001 (Fla. Dist. Ct. App.). Rather than file a brief in the appellate court, Mr. Kozich filed a notice of suggestion of bankruptcy. The Fourth District initially entered a stay on the appeals proceeding, but later vacated the stay upon a motion from the Defendants, and ordered that Mr. Kozich file his brief by March 19, 2009.

Instead of complying with that order, Mr. Kozich initiated this case by filing his adversary complaint (the "Complaint") [DE 1] on April 7, 2009. The purported basis for Mr. Kozich's

Complaint is Defendants' alleged violation of the automatic stay in their pursuit of the appeal in the state court – an appeal which Mr. Kozich himself initiated, from an original cause of action initiated by Mr. Kozich as well. Mr. Kozich asks that, in addition to monetary sanctions sought against the Defendant, the court remove the underlying state court case to federal court. It is no surprise that Mr. Kozich prefers the case to be in federal court, as the following history will illuminate.

### 2. Kozich's history of vexatious state court litigation

In a final judgement dated August 3, 1998, in the case of *Kozich v. Keller,* No. 98-05269 (21), slip op.(Fla. Cir. Ct. Aug. 3, 1998), Florida Circuit Court Judge Miette K. Burnstein (then Chief Administrative Judge) ordered that "Mr. Kozich is enjoined from henceforth representing himself in this Court in the Seventeenth Judicial Circuit in and for Broward County, Florida *in propria persona* as a litigant." Florida Circuit Court Judge Barry E. Goldstein recently reviewed that order in *Kozich v. Cornell,* No. 04-9121 (11) (Fla. Cir. Ct.), *aff'd*, 983 So. 2d 601 (Fla. Dist. Ct. App. 2008), and used it as a basis to dismiss Mr. Kozich's lawsuit pending in his division. On September 21, 2004, Mr. Kozich was found to be a vexatious litigant by the 17th Judicial Circuit and the clerk sent notice to the Clerk of the Florida Supreme Court for inclusion in the Vexatious Litigant Registry pursuant to Fla. Stat. §68.093(6). On April 5, 2005, the Florida Circuit Court Judge Robert L. Andrews, on remand from the Fourth District, ordered Mr. Kozich to pay over $9,000.00 in attorney fees to defendants "for having to respond to Petitioner's frivolous motions." *DeBrino Caulking & Waterproofing, Inc. v. Kozich*, No. 93-32441 (09), slip op. (Fla. Cir. Ct. Apr 5, 2005). As far as this court can ascertain, this judgment has not been satisfied.

Since Mr. Kozich was barred from representing himself in the 17th Judicial Circuit, he has filed at least 12 separate *pro se* causes of action there, in direct violation of Judge Burnstein's

standing order. *See* attached state court docket search results. A search of the Broward County Public Records reveals more than 50 judgments and liens recorded against Mr. Kozich, including IRS tax liens. *See* attached. A search of the Florida Fourth District Court of Appeal docket reveals 68 appeals filed by Mr. Kozich. *See* attached. A search of the Florida Supreme Court's docket reveals 17 appeals filed by Mr. Kozich. It is no wonder that Mr. Kozich is attempting to remove this case to the federal court system, as he seems to have outstayed his welcome in state court.

### 3. Application of the automatic stay under 11 U.S.C. § 362

An automatic stay, under section 362 of the Bankruptcy code, "operates as a stay, applicable to all entities, of the commencement or continuation...of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of [bankruptcy]." 11 U.S.C. § 362(a) (emphasis added). The primary purpose of an automatic stay subsequent to the filing of a bankruptcy petition is:

> to preserve what remains of the debtor's insolvent estate and to provide a systematic, equitable liquidation procedure for all creditors secured and unsecured ... thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.

*Rhett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12, 13 (N.D. Cal. 1989) (internal citations omitted). Although the scope of the automatic stay is undeniably broad, it does not serve to stay all actions involving the bankrupt party. Rather, the reach of the automatic stay is limited by its purposes. *Id.* at 14 (citing *Price & Pierce International, Inc. v. Spicers International Paper Sales, Inc.*, 50 B.R. 25, 26 (Bankr. S.D.N.Y. 1985).

The question raised by this case is as follows: Does an automatic stay under section 362 prevent a non-debtor party from taking action in a state court appeal, *initiated by the debtor,* of an

original action *also initiated by the debtor?* It is clear to this court, given the plain language of the law, that the answer is *no.* Section 362, by its own terms, only stays proceedings *against the debtor.*

The determination of whether an action is truly "against the debtor" can become blurred when the debtor initiates an action but it is the *defendant* who subsequently appeals or initiates a counterclaim. However, the case at hand is not so complex. Here, it is the Debtor who not only initiated the original action, but also the Debtor who initiated the *appeal.* Therefore, there is no question as to whether this proceeding is *against the debtor.* It is not. Defendants are trying neither to possess nor exercise control over the Debtor's estate. *Rhett White Motor Sales Co.,* 99 B.R. at 14; *see also Corso v. Dewitt,* 180 B.R. 589, 592 (C.D. Ca. 1994) (finding appellant's limitation action should not be stayed, since it did not seek to exercise control over the property of the debtor's estate). Accordingly, given the clear language of section 362, and the purpose of its provisions, there is no reason for the automatic stay to apply to the continuation of the proceeding in question in the Fourth District Court of Appeal, and any claims made by the Debtor to the contrary in the Complaint are baseless.

### 4. Pre-petition causes of action are property of the estate

The Bankruptcy Code's definition of "estate" is given broad application and includes all kinds of property, including causes of action. 11 U.S.C. § 541(a); *see also Parker v. Wendy's Intern, Inc.,* 365 F.3d 1268 (11th Cir.2004) (citing *Barger v. City of Cartersville,* 348 F.3d 1289, 1292 (11th Cir.2003) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it"). This court recognizes the claim of action, as set forth by Mr. Kozich in the Complaint, to be the property of this estate. It is well established that, if the cause of action is an asset of the estate, "the trustee alone has

standing to bring that claim." *National American Ins. Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir.1999); *see also Jones v. Harrell*, 858 F.2d 667 (11th Cir. 1988) (Finding that a trustee in bankruptcy succeeds to all causes of action held by the debtor at the time a bankruptcy petition is filed, including claims for personal injuries); *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556 (11th Cir. 1985) (Same, specifically finding this includes actions arising from contract).

Accordingly, the court finds that Mr. Kozich did not have proper standing to bring the cause of action in question, which is, itself, sufficient grounds for granting the motion to dismiss. Additionally, the court believes that Mr. Kozich has clearly failed to state a claim upon which relief may be granted, but this is a moot point and will not be pursued any further in this order.

### 5. Sanctions under Bankruptcy Rule 9011

Given the representation made by Ms. Cavallaro at the July 1st hearing that the safe harbor notice was not furnished to Mr. Kozich until after the filing of the Motion, let alone 21 days before as required by Rule 9011, I am required to deny the Motion as to that request for sanctions under Federal Rule of Bankruptcy Procedure 9011.

### 6. Sanctions under 11 U.S.C. § 105(a)

Mr. Kozich has established a clear pattern as a vexatious litigant, and while I am not authorized by the express terms[1] of *Fla. Stat.* § 68.093 to impose sanctions under that statute, neither am I required to turn a blind eye toward Mr. Kozich's wanton disregard for Judge Burnstein's standing prohibition on his filing *pro se* actions in state court. The adversary proceeding before me

---

[1] By its terms, § 68.093 applies to actions "governed by the Florida Rules of Civil Procedure and proceedings governed by the Florida Probate Rules," with certain exclusions.

is nothing more than a continuation of vexatious litigation commenced in the Circuit Court for the 17th Judicial Circuit transplanted to a new forum. I will not suffer a replication of the state courts' experience with Mr. Kozich's pattern of vexatious litigation, nor will I tolerate the continuing abuse here of parties who have had the misfortune of litigating against Mr. Kozich in state court. I will accordingly preempt the issue before misconduct becomes as scandalous here as it was in state court, and will impose severe restrictions on Mr. Kozich's ability to proceed in this Court on a *pro se* basis.

A bankruptcy court's power to control the conduct of parties before it, including to determine that a party should be sanctioned for contemptuous conduct, is based both in 11 U.S.C. § 105(a), *Hardy v. Internal Revenue Service (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996); *Placid Refining Co. v. Terrebone Fuel & Lube, Inc.*, 108 F.3d 609 (5th Cir. 1997), and in the inherent power of the federal courts, *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1574-75 (11th Cir. 1996); *Eck v. Dodge Chemical Co.*, 950 F.2d 798 (1st Cir. 1991).

The inherent power of the federal court to punish for improper conduct is well established and this power reaches both conduct before the court and that beyond the court's confines, for "the underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Young v. United States ex rel. Vuitton et Fils S. A.*, 481 U.S. 787, 798 (1987) (citations omitted).

In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court addressed the nature and scope of the inherent power vested in the federal courts. The judicial branch has the ability to control the overall judicial proceedings, *i.e.,* to maintain the decorum of the institution, which includes the conduct of parties involved. *Chambers*, at 501 U.S. at 43-44. Such inherent powers,

for example, include a federal court's ability to investigate and vacate its own judgment upon proof that a fraud has been perpetrated upon the court, to bar from the courtroom a criminal defendant who disrupts a trial, to dismiss an action on grounds of forum non conveniens, and it may act *sua sponte* to dismiss a suit for failure to prosecute. *Id.* at 44.

However, the Supreme Court, in Chambers, warned that a court must "exercise caution in invoking its inherent power," stating:

> Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process ... When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

501 U.S. at 44 & 50 (internal citations omitted). I am thus authorized to restrict litigant's conduct in a case under the courts' inherent powers on a showing of "bad faith," *Hardy*, 97 F.3d at 1389, n3 (citing *Mroz*, 65 F.3d at 1575), as well as under the broad statutory grant of authority under § 105. *In re Evergreen Security, Ltd.,* Case Nos. 08-14064, 08-14536 (11th Cir. June 11, 2009).

Section 105 of the Bankruptcy Code grants broad statutory powers in the bankruptcy context, stating, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of a § 105(a) contempt sanction is to (1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the Court's order. *Jove Engineering, Inc. v. Internal Revenue Service,* 92 F.3d 1539, 1557 (11th Cir.1996)(citing *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir.1987); *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1534 (11th Cir.1986)).

I find that it was unreasonable for Mr. Kozich to file the Complaint in question. Whether Mr. Kozich knew, or should have known, that an automatic stay does not apply to a cause of action initiated and pursued only by the debtor himself, is superfluous. At the very least, he was aware that the Fourth District Court of Appeal had vacated its stay order prior to his filing. And yet, as the basis for his Complaint, Mr. Kozich alleges that the Defendants "have contemptuously by outward commission violated the automatic stay." Complaint at 5. Mr. Kozich has filed this Complaint with an utter disregard for the authority of the Fourth District Court's order vacating the stay. Additionally, as explained above, Mr. Kozich knew, or should have known, that he had no standing to bring the claim. I will not be misled into leniency by the fact that Mr. Kozich is a *pro se* Plaintiff. As the Motion aptly points out:

> Kozich has made a career out of abusing the judicial system in the State of Florida. For years, he has filed frivolous actions in the Seventeenth Judicial Circuit, the Fourth District Court of Appeals, the Florida Supreme Court, and now the United States Bankruptcy Court for the Southern District of Florida.

Motion at 5. I specifically find that Mr. Kozich's actions in filing this adversary proceeding were in bad faith, that the arguments raised in the complaint are knowingly or recklessly frivolous, and that the filing and pursuit of the litigation were undertaken for the purpose of harassing the defendants.

As noted above, the fact that Mr. Kozich has already been found to be a vexatious litigant, pursuant to *Fla. Stat.* section 68.093, by the Seventeenth Judicial Circuit, and has been barred from filing *pro se* causes of action in that circuit, is not lost on this court. Accordingly, in light of the broad authority I have under § 105 "to prevent an abuse of process," as well as under my inherent power to control litigation conducted in bad faith, I find that the appropriate remedy is to prohibit

Mr. Kozich from filing any adversary proceeding or contested matter in the United States Bankruptcy Court for the Southern District of Florida on a *pro se* basis without prior court approval. *In re Brooks-Hamilton*, 400 B.R. 238, 248 (B.A.P. 9th Cir. 2009) (finding that "[t]he bankruptcy court had authority under § 105(a) to suspend Smyth from practice before the bankruptcy courts of the district as a means to deter him from his continued incompetence and unprofessional conduct, to the detriment of bankruptcy administration in the Northern District of California"). Mr. Kozich may seek such court approval by motion. It is my sincere hope that Mr. Kozich will respect this order. A failure to do so will result in further sanctions, which could include the imposition of a fine, confinement, or both.

Accordingly, it is **ORDERED** that:

1. The Defendants' Motion [DE 9] is **GRANTED** in part and **DENIED** in part.

2. The Complaint [DE 1] is **DISMISSED** with prejudice.

3. The Defendants' request in the Motion for sanctions under Federal Rule of Bankruptcy Procedure 9011 is **DENIED**.

4. The Debtor is **SANCTIONED** by this court pursuant to 11 U.S.C. § 105(a) and the inherent power of the court from further actions taken in bad faith. Don T. Kozich is hereby **PROHIBITED** from filing any adversary proceeding or contested matter in the United States Bankruptcy Court for the Southern District of Florida on a *pro se* basis without prior approval from this court. Such approval may be sought by motion filed with the Clerk of this Court and served on all parties who would be affected by the proposed adversary proceeding or contested matter.

5. The court reserves jurisdiction to enforce the dictates of this order. Failure to fully comply with this ruling will be found to be contemptuous and may result in the imposition of a fine, confinement, or both.

###

Copies furnished to:

Michelle A. Cavallarro.

Ms.Cavallarro is directed to serve a conformed copy of this Order on all other interested parties.

# Fourth District Court of Appeal Cases for Party KOZICH, DON T.

06/29/2009 05:05

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|---|---|---|---|---|---|
| 89-344 | 02/06/1989 | DON T. KOZICH v. FLORIDA POWER & LIGHT CO. | Broward | 88-17548 CN | 11/01/1989 |
| 89-834 | 04/04/1989 | DON T. KOZICH and MARIA v. CITICORP., etc., et al. | Broward | 88-01247 CV | 01/11/1990 |
| 89-3128 | 12/11/1989 | DON T. KOZICH v. CITY OF FT. LAUDERDALE | Broward | 88-11611 | 09/19/1990 |
| 90-249 | 01/25/1990 | DON T. KOZICH v. NCNB NATIONAL BANK OF FL | Broward | 87-34525 DA | 10/16/1991 |
| 90-2814 | 10/18/1990 | DON T. KOZICH v. JACQUELINE ALLEE, et al. | Broward | 90-15849 06 | 04/17/1991 |
| 91-698 | 03/12/1991 | DON T. KOZICH v. GERALDINE R. LAMB, | Broward | 87-17874 01 | 01/15/1992 |
| 91-1153 | 04/25/1991 | DON T. KOZICH v. WEST AMERICAN INSURANCE | Broward | 86-4511 23 | 01/20/1993 |
| 91-1343 | 05/13/1991 | DON T. KOZICH v. DEAN KACHEL, Individually | Broward | 85-29030 18 | 09/24/1991 |
| 91-2762 | 10/02/1991 | DON T. KOZICH v. HARTFORD INSURANCE CO., | Broward | 89-10079 17 | 12/02/1992 |
| 92-1018 | 04/03/1992 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 87-34525 22 | 07/12/1993 |
| 92-2292 | 08/03/1992 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 91-31252 05 | 02/09/1994 |
| 92-3260 | 11/12/1992 | DON T. KOZICH v. THE CITIZENS AND SOUTHERN | Broward | 90-1641 04 | 06/17/1993 |
| 93-689 | 03/05/1993 | DON T. KOZICH v. HARTFORD INSURANCE | Broward | 89-10079 | 06/10/1993 |
| 93-953 | 03/30/1993 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 87-34525 22 | 12/21/1994 |
| 94-26 | 01/03/1994 | DON T. KOZICH v. DEBRINO CAULKING & | Broward | 93-32441 09 | 02/24/1994 |
| 94-270 | 01/31/1994 | DON T. KOZICH v. WEST AMERICAN INSURANCE | Broward | 86-4511 41 | 10/25/1995 |

| 94-2154 | 08/02/1994 | DON T. KOZICH v. DeBRINO CAULKING & | Broward | 93-32441 09 | 01/25/1995 |
|---|---|---|---|---|---|
| 95-700 | 03/02/1995 | DON T. KOZICH v. UNEMPLOYMENT APPEALS | Broward | 94-6860, more | 06/19/1996 |
| 95-1427 | 05/01/1995 | DON T. KOZICH v. CITY OF FT. LAUDERDALE, | Broward | 94-5968 MO10A, more | 05/19/1995 |
| 95-2230 | 06/29/1995 | DON T. KOZICH v. THOMAS R. SHAHADY, | Broward | 95-1179 03 | 07/31/1995 |
| 95-2322 | 07/05/1995 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 91-31252 05 | 07/30/1997 |
| 95-2773 | 08/14/1995 | DON T. KOZICH v. MARIA E. GARCES-KOZICH, | Broward | 88-24640 37 | 09/19/1995 |
| 95-3377 | 09/27/1995 | DON T. KOZICH v. THOMAS R. SHAHADY, etc., | Broward | 95-1179 03 | 09/24/1997 |
| 95-3378 | 09/27/1995 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 87-34525 DA25 | 01/12/1996 |
| 95-3747 | 10/30/1995 | DON T. KOZICH, et al. v. THE CITIZENS and | Broward | 90-1641 04 | 06/11/1997 |
| 95-4154 | 12/06/1995 | DON T. KOZICH v. D. DAVID KELLER, | Broward | 95-1181 12 | 12/19/1995 |
| 96-157 | 01/16/1996 | DON T. KOZICH v. D. DAVID KELLER, etc., | Broward | 95-1181 12 | 03/26/1997 |
| 96-496 | 02/09/1996 | DON T. KOZICH v. MARIA E. GARCES-KOZICH | Broward | 88-24640 37 | 11/19/1997 |
| 96-2469 | 07/22/1996 | DON T. KOZICH v. WEST AMERICAN INSURANCE | Broward | 86-4511 14 | 11/05/1997 |
| 96-4099 | 12/12/1996 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 87-34525 25 | 04/30/1997 |
| 97-742 | 03/04/1997 | DON T. KOZICH v. WEST AMERICAN INS. CO., | Broward | 86-4511 14 | 03/27/1997 |
| 97-1130 | 04/02/1997 | DON T. KOZICH v. D. DAVID KELLER, etc., | Broward | 96-8975 11 | 06/05/2002 |
| 97-3122 | 09/04/1997 | DON T. KOZICH v. DeBRINO CAULKING & | Broward | 93-32441 09 | 09/29/1997 |
| 97-3377 | 09/25/1997 | DON T. KOZICH v. DEPARTMENT OF INSURANCE, | Broward | 94-13865 18, more | 06/05/2002 |
| 97-3786 | 10/28/1997 | DON T. KOZICH and v. CITIZENS AND SOUTHERN | Broward | 90-1641 13 | 09/18/2002 |
| 97-4128 | 11/25/1997 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 87-34525 25 | 12/02/1998 |
| 97-4494 | 12/24/1997 | DON T. KOZICH v. ALBERT DEBRINO, etc., | Broward | 93-32441 09 | 12/18/2002 |

| 98-1450 | 04/24/1998 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 91-31252 05 | 11/10/1998 |
|---|---|---|---|---|---|
| 98-1714 | 05/15/1998 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 91-31252 05 | 06/05/2002 |
| 98-1815 | 05/22/1998 | DON T. KOZICH v. THOMAS R. SHAHADY, etc., | Broward | 95-1179 13 | 09/23/1998 |
| 98-1816 | 05/22/1998 | DON T. KOZICH v. WILLIAM G. CRAWFORD, JR., | Broward | 96-9861 09 | 09/05/2002 |
| 98-1946 | 06/04/1998 | DON T. KOZICH v. MARIA E. GARCES-KOZICH | Broward | 88-24640 37 | 06/16/1998 |
| 98-2041 | 06/10/1998 | DON T. KOZICH v. D. DAVID KELLER, etc., | Broward | 96-8975 11 | 10/19/1998 |
| 98-2694 | 08/03/1998 | DON T. KOZICH v. WILLIAM G. CRAWFORD, | Broward | 96-9861 09 | 08/04/1998 |
| 98-2772 | 08/06/1998 | DON T. KOZICH v. WILLIAM G. CRAWFORD JR., | Broward | 96-9861 98 | 07/25/2002 |
| 98-2912 | 08/20/1998 | DON T. KOZICH v. CLEM BEDUSA, etc., et al. | Broward | 96-6198 12 | 07/25/2002 |
| 98-3129 | 09/09/1998 | DON T. KOZICH v. D. DAVID KELLER, etc., | Broward | 98-5269 21 | 07/20/1999 |
| 99-425 | 02/03/1999 | DON T. KOZICH v. NCNB NATIONAL BANK OF | Broward | 91-31252 05 | 05/29/2002 |
| 99-471 | 02/05/1999 | DON T. KOZICH v. D. DAVID KELLER, etc., | Broward | 96-8975 11 | 08/25/1999 |
| 99-838 | 03/10/1999 | DON T. KOZICH v. ALBERT DeBRINO, etc., | Broward | 93-32441 09 | 12/18/2002 |
| 99-1346 | 04/19/1999 | DON T. KOZICH v. JENNIE M. WARREN, etc., | Broward | 91-21802 41 | 06/13/2002 |
| 99-3385 | 10/06/1999 | DON T. KOZICH v. THOMAS R. SHAHADY, etc., | Broward | 95-1179 13 | 05/17/2002 |
| 03-3293 | 08/27/2003 | DON T. KOZICH v. UNEMPLOYMENT APPEALS | Broward | 03-6149 | 02/09/2005 |
| 03-3294 | 08/27/2003 | DON T. KOZICH v. UNEMPLOYMENT APPEALS | Broward | 03-6150 | 02/09/2005 |
| 04-981 | 03/12/2004 | DON T. KOZICH v. FLORIDA BAR AND DONALD J. | Broward | 01-15106 09 | 09/21/2005 |
| 04-1475 | 04/16/2004 | DON T. KOZICH v. MARYLAND CASUALTY | Broward | 01-2448 14 | 04/06/2005 |
| 04-2174 | 06/04/2004 | DON T. KOZICH v. THE ESTATE OF MARTIN G. | Broward | 01-4694 PA | 09/21/2005 |
| 07-1551 | 04/03/2007 | DONALD T. KOZICH v. DEBRINO CAULKING, | Broward | 93-32441 09 | 05/01/2007 |
| **Total Cases 58** | | | | | |

# Fourth District Court of Appeal Cases for Party KOZICH, DON T.

06/29/2009 05:16

| Case No. | Filed | Case Style | County | Lower Tribunal Case | Disposed |
|---|---|---|---|---|---|
| 92-1438 | 05/08/1992 | DON T. KOZICH, v. NCNB NATIONAL BANK OF | Broward | 87-34525 22 | 05/18/1992 |
| 03-220 | 01/21/2003 | DON T. KOZICH v. DAIMLER CHRYSLER | Broward | 02-2536 02 | 04/29/2003 |
| 03-3781 | 09/25/2003 | DON T. KOZICH v. DeBRINO CAULKING, | Broward | 93-32441 09 | 12/03/2003 |
| 04-3483 | 09/17/2004 | DON T. KOZICH v. DEBRINO CAULKING & | Broward | 93-32441 09 | 11/29/2004 |
| 05-691 | 02/07/2005 | DON T. KOZICH v. G. WARE CORNELL, JR., | Broward | 04-9121 09 | 04/20/2005 |
| 06-2406 | 06/14/2006 | DON T. KOZICH v. DAIMLER CHRYSLER | Broward | 02-2536 03 | 01/29/2007 |
| 06-3957 | 09/27/2006 | DON T. KOZICH v. DAIMLER CHRYSLER | Broward | 04-10503 18 | 01/22/2007 |
| 07-4979 | 12/19/2007 | DON KOZICH v. DAIMLERCHRYSLER | Broward | 03-13168 02 |  |
| 08-302 | 01/22/2008 | DON T. KOZICH v. PORTER C. CROFT, | Broward | 06-7838 05 | 03/11/2008 |
| 08-1001 | 03/12/2008 | DON T. KOZICH v. STANLEY KIMMEL, ETC., | Broward | 01-2448 14 | 06/15/2009 |

**Total Cases 10**

# *Florida Supreme Court Cases for Party KOZICH, DON T.*

06/29/2009 05:02

| Case | Status | Filed | Type | Style | Disposed |
|---|---|---|---|---|---|
| SC60-78245 | Closed | 07/10/1991 | Direct Conflict of Decisions | KOZICH v. ALLEE | 07/11/1991 |
| SC60-79041 | Closed | 12/06/1991 | Statutory or Constitutional Invalidity | KOZICH v. KACHEL | 12/11/1991 |
| SC60-79124 | Closed | 12/23/1991 | Direct Conflict of Decisions | KOZICH v. NCNB NATIONAL BANK OF FLO | 05/11/1992 |
| SC60-81509 | Closed | 03/26/1993 | Prohibition | KOZICH v. SCOTT , ET AL . | 06/09/1993 |
| SC60-82379 | Closed | 09/20/1993 | Statutory or Constitutional Invalidity | KOZICH v. NCNB NAT ' L . BANK OF FL | 09/27/1993 |
| SC60-82380 | Closed | 09/20/1993 | Statutory or Constitutional Invalidity | KOZICH v. THE CITIZENS & SO . NAT ' | 09/27/1993 |
| SC60-86886 | Closed | 11/20/1995 | Direct Conflict of Decisions | DON T. KOZICH v. JACQUELINE ALLEE, ET AL. | 11/28/1995 |
| SC60-89003 | Closed | 09/23/1996 | Direct Conflict of Decisions | DON T. KOZICH v. UNEMPLOYMENT APPEALS | 09/26/1996 |
| SC60-94470 | Closed | 12/07/1998 | Direct Conflict of Decisions | DON T. KOZICH v. THOMAS R. SHAHADY, ETC., | 12/10/1998 |
| SC60-94716 | Closed | 01/19/1999 | Mandamus | DON KOZICH v. D. DAVID KELLER, ET AL. | 05/14/1999 |
| SC60-96495 | Closed | 09/10/1999 | Mandamus | DON T. KOZICH v. D. DAVID KELLER, ET AL. | 04/02/2001 |

| SC00-2493 | Closed | 12/01/2000 | Mandamus | DON T. KOZICH v. HOLLAND & KNIGHT, LLP, ET AL. | 12/03/2001 |
| SC01-873 | Closed | 04/23/2001 | Mandamus | DON T. KOZICH v. D. DAVID KELLER, ETC., | 12/03/2001 |
| SC05-1560 | Closed | 08/18/2005 | Direct Conflict of Decisions | DON T. KOZICH v. DEBRINO CAULKING & WATERPROOFING, | 06/21/2006 |
| SC06-656 | Closed | 04/05/2006 | Direct Conflict of Decisions | DON T. KOZICH v. THE FLORIDA BAR, ET AL. | 04/19/2006 |
| SC06-805 | Closed | 04/24/2006 | Direct Conflict of Decisions | DON T. KOZICH v. AMERICAN SAFETY CASUALTY | 10/20/2006 |
| SC06-1076 | Closed | 05/31/2006 | Statutory or Constitutional Invalidity | DON T. KOZICH v. DAIMLERCHRYSLER CORPORATION, | 06/09/2006 |
| **Total Cases 17** | | | | | |

| RECORDDATE | ORBOO | IORPAG | CROSSPA | ADDEDDELETI DOCTYPEKEY | FULLNAME |
|---|---|---|---|---|---|
| 2/13/1991 12:00:00 AM | 18138 | 616 | WEST AMERICAN INS CO | Final Judgment | KOZICH,DON T |
| 3/21/1991 12:00:00 AM | 18238 | 126 | WEST AMERICAN INSURA | Certified Final Judgment | KOZICH,DON T |
| 7/11/1991 12:00:00 AM | 18552 | 955 | BARNETT BANK S FL | Final Judgment | KOZICH,DON T |
| 7/11/1991 12:00:00 AM | 18553 | 300 | UNITED STATES IRS | Federal Tax Lien | KOZICH,DON T |
| 8/15/1991 12:00:00 AM | 18662 | 875 | BARNETT BANK S FL | Certified Final Judgment | KOZICH,DON T |
| 10/14/1991 12:00:00 AM | 18824 | 647 | UNITED STATES IRS | Federal Tax Lien | KOZICH,DON T |
| 7/13/2001 4:28:37 PM | 31848 | 1155 | UNITED STATES IRS | Federal Tax Lien | KOZICH,DON T |
| 4/7/2005 2:23:52 PM | 39392 | 1774 | DEBRINO,ALBERT M | Final Judgment | KOZICH,DONALD T |
| 9/18/1992 12:00:00 AM | 19881 | 550 | CITIZENS & SOUTHERN N | Final Judgment | KOZICH,DONALD T |
| 10/22/1992 12:00:00 AM | 19997 | 483 | CITIZENS & SOUTHERN N | Certified Final Judgment | KOZICH,DONALD T |
| 7/20/2005 8:59:24 AM | 40108 | 186 | UNITED STATES IRS | Release of Federal Tax Lien | KOZICH,DON T |
| 7/20/2005 8:59:24 AM | 40108 | 187 | UNITED STATES IRS | Release of Federal Tax Lien | KOZICH,DON T |
| 1/12/1994 2:13:00 PM | 21633 | 809 | WEST AMERICAN INS CO | Final Judgment | KOZICH,DON T |
| 2/21/1994 11:03:00 AM | 21782 | 556 | WEST AMERICAN INS CO | Final Judgment | KOZICH,DON T |
| 2/11/1981 12:00:00 AM | 9407 | 256 | KOZICH,JUDITH ANN | Lis Pendens | KOZICH,DON THOMAS |
| 5/8/2003 2:48:13 PM | 35121 | 538 | BEDUSA,CLEM | Satisfaction of Final Judgeme | KOZICH,DON T |
| 5/18/1981 12:00:00 AM | 9585 | 965 | KOZICH,JUDITH ANN | Final Judgment | KOZICH,DON THOMAS |
| 6/2/1981 12:00:00 AM | 9612 | 725 | KOZICH,JUDITH ANN | Cancel / Discharge / Release | KOZICH,DON THOMAS |
| 5/5/1995 12:08:00 PM | 23418 | 32 | GARCES-KOZICH,MARIA E | Lis Pendens | KOZICH,DON T |
| 5/17/1995 2:14:00 PM | 23463 | 756 | GARCES-KOZICH,MARIA E | Lis Pendens | KOZICH,DON T |
| 7/24/1995 3:58:00 PM | 23711 | 522 | GARCES-KOZICH,MARIA E | Cancel / Discharge / Release | KOZICH,DON T |
| 7/14/2006 9:29:39 AM | 42396 | 205 | DEBRINO,ALBERT | Satisfaction of Final Judgeme | KOZICH,DONALD T |
| 7/14/2006 9:29:39 AM | 42396 | 205 | DEBRINO,ALBERT | Satisfaction of Final Judgeme | KOZICH,DON T |
| 9/8/1978 12:00:00 AM | 7757 | 8 | FIRST BANK OKL PK | Final Judgment | KOZICH,DON T |
| 10/9/1978 12:00:00 AM | 7808 | 315 | FIRST BANK OKL PK | Certified Final Judgment | KOZICH,DON T |
| 11/2/1978 12:00:00 AM | 7849 | 577 | FIRST BANK OKL PK | Final Judgment | KOZICH,DON T |
| 1/20/1996 8:29:00 AM | 24397 | 660 | GARCES-KOZICH,MARIA E | Final Judgment | KOZICH,DON T |
| 3/12/1996 5:06:00 PM | 24598 | 588 | BEDUSA,CLEM | Final Judgment | KOZICH,DON T |
| 3/12/1996 5:06:00 PM | 24598 | 590 | BEDUSA,CLEM | Final Judgment | KOZICH,DON T |
| 5/1/1996 12:22:00 PM | 24814 | 802 | BEDUSA,CLEM | Modified Final Judgment | KOZICH,DON T |
| 5/23/1996 9:18:00 AM | 24915 | 109 | WEST AMERICAN INS CO | Release of Final Judgement | KOZICH,DON T |
| 2/7/1997 11:40:00 AM | 26004 | 757 | WEST AMERICAN INS CO | Release of Final Judgement | KOZICH,DON T |
| 7/31/1997 1:26:00 PM | 26788 | 615 | FLORIDA INSURANCE GU | Modified Final Judgment | KOZICH,DON T |
| 8/6/1997 8:48:00 AM | 26811 | 857 | FLORIDA INSURANCE GU | Modified Final Judgment | KOZICH,DON T |
| 10/24/1997 12:43:00 PM | 27189 | 553 | BEDUSA,CLEM | Final Judgment | KOZICH,DON T |
| 8/9/2007 4:07:36 PM | 44456 | 1562 | DAIMLERCHRYSLER COR | Partial Final Judgment | KOZICH,DON T |
| 1/7/1998 3:47:00 PM | 27513 | 654 | HOUSTON SHAHADY & H/ | Final Judgment | KOZICH,DON T |
| 1/26/1998 2:23:00 PM | 27600 | 915 | HOUSTON & SHAHADY P | Modified Final Judgment | KOZICH,DON T |
| 3/6/1998 11:04:00 AM | 27823 | 70 | HOUSTON SHAHADY & H/ | Certified Final Judgment | KOZICH,DON T |
| 4/13/1998 12:53:00 PM | 28037 | 67 | NCNB NATIONAL BANK FL | Certified Final Judgment | KOZICH,DON T |
| 4/15/1998 8:39:00 AM | 28047 | 673 | NCNB NATL BANK FL | Final Judgment | KOZICH,DON T |
| 11/16/2007 3:38:23 PM | 44822 | 153 | DAIMLERCHRYSLER COR | Final Judgment | KOZICH,DON T |
| 1/24/1979 12:00:00 AM | 8002 | 919 | UNITED STATES IRS | Federal Tax Lien | KOZICH,DON T |
| 4/15/1985 12:00:00 AM | 12464 | 671 | GREEN,CHARLOTTE BAR | Final Judgment | KOZICH,DON T |
| 10/4/1985 12:00:00 AM | 12871 | 719 | GATEMAN,TAMARA SUE | Final Judgment | KOZICH,DON T |

| Date | Num1 | Num2 | Party | Type | Name |
|---|---|---|---|---|---|
| 10/4/1985 12:00:00 AM | 12871 | 983 | GATEMAN,TAMARA | Release of Final Judgement | KOZICH,DON T |
| 6/19/1998 2:46:00 PM | 28425 | 269 | MCDONALD & CRAWFORI | Final Judgment | KOZICH,DON T |
| 2/1/1979 12:00:00 AM | 8018 | 543 | NEWTON ENTERPRISES I | Lis Pendens | KOZICH,DON |
| 2/22/1979 12:00:00 AM | 8059 | 391 | PROFITABILITY SERVICES | Final Judgment | KOZICH,DON T |
| 9/4/1986 12:00:00 AM | 13703 | 448 | HARDRIVES COMPANY | Lien | KOZICH,DON |
| 11/16/1979 12:00:00 AM | 8561 | 482 | SOUTHERN FEDERAL BR( | Lis Pendens | KOZICH,DON T |
| 7/10/2008 8:32:24 AM | 45512 | 1459 | DAIMLER CHRYSLER COF | Final Judgment | KOZICH,DON T |
| 4/9/1987 12:00:00 AM | 14333 | 620 | HARDRIVES COMPANY | Release of Lien | KOZICH,DON T |
| 12/23/1987 12:00:00 AM | 15060 | 631 | NCNB NATIONAL BANK FL | Lis Pendens | KOZICH,DON T |
| 1/7/1999 11:47:00 AM | 29131 | 1712 | NATIONSBANK | Certified Final Judgment | KOZICH,DON T |
| 3/30/1999 7:07:22 AM | 29348 | 1910 | PARKLAND CAMELOT LTE | Final Judgment | KOZICH,DON |
| 4/9/1999 3:13:29 PM | 29372 | 1148 | PARKLAND CAMELOT LTE | Vacate Final Judgment | KOZICH,DON |
| 6/17/1999 8:29:28 AM | 29561 | 1986 | PARKLAND CAMELOT LTE | Final Judgment | KOZICH,DON |
| 6/29/1999 1:42:51 PM | 29607 | 1240 | FIRST UNION NATL BANK | Lis Pendens | KOZICH,DON T TR DBA |
| 1/14/1988 12:00:00 AM | 15115 | 966 | TEDS PLUMBING INC | Notice of Contest of Lien | KOZICH,DON T |
| 11/14/1988 12:00:00 AM | 15950 | 562 | FLORIDA POWER & LIGHT | Final Judgment | KOZICH,DON T |
| 12/20/1988 12:00:00 AM | 16046 | 874 | FLORIDA POWER & LIGHT | Final Judgment | KOZICH,DON T |
| 1/27/1989 12:00:00 AM | 16148 | 587 | GARCES-KOZICH,MARIA E | Final Judgment | KOZICH,DON T |
| 8/11/1989 12:00:00 AM | 16673 | 626 | AMERICAN OVERHEAD D( | Lien | KOZICH,DON T TR |
| 9/22/1989 12:00:00 AM | 16783 | 855 | FORT LAUDERDALE CITY | Final Judgment | KOZICH,DONALD |
| 11/3/1989 12:00:00 AM | 16902 | 134 | K & K WRECKING CORP | Lien | KOZICH,DON T IND & TR |
| 11/6/1989 12:00:00 AM | 16903 | 594 | NCNB NATIONAL BANK FL | Final Judgment | KOZICH,DONALD T IND & |
| 5/18/1990 12:00:00 AM | 17430 | 922 | LAMB,GERALDINE R | Final Judgment | KOZICH,DON T |
| 8/8/1990 12:00:00 AM | 17658 | 626 | BARNETT BANK S FL | Final Judgment | KOZICH,DON T |
| 8/14/1990 12:00:00 AM | 17673 | 430 | BARNETT BANK S FL | Final Judgment | KOZICH,DON T |
| 10/23/1990 12:00:00 AM | 17859 | 211 | BARNETT BANK S FL | Certified Final Judgment | KOZICH,DON T |
| 1/4/1980 12:00:00 AM | 8652 | 211 | PINDOFF,KROUM & EVA | Lis Pendens | KOZICH,DON T |
| 11/19/1990 12:00:00 AM | 17928 | 699 | SPANN,RONALD THOMAS | Final Judgment | KOZICH,DON T |
| 12/6/1990 12:00:00 AM | 17969 | 902 | SPANN,RONALD THOMAS | Certified Final Judgment | KOZICH,DON T |
| 12/13/1990 12:00:00 AM | 17989 | 890 | SPANN,RONALD THOMAS | Release of Final Judgement | KOZICH,DON T |
| 4/15/1980 12:00:00 AM | 8848 | 844 | PINDOFF,KROUM & EVA | Lis Pendens | KOZICH,DON T |